UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  15-CV-21605

ANTULIO ARNALDO ALVARADO,

    Plaintiff(s),

vs.

ALHANAN, INC. d/b/a
MOTTO JAPANESE CUISINE and
RENE BUROZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Antulio Arnaldo Alvarado, sues Defendants, Alhanan, Inc., d/b/a Motto Japanese Cuisine and Rene Buroz, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Antulio Arnaldo Alvarado**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2. **Defendant, Alhanan, Inc.**, is a for profit Florida company that is *sui juris* and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material. It operates its restaurant under the fictitious name "Motto Japanese Cuisine".

3. **Defendant, Rene Buroz ("Buroz")**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had

1

supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiffs in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, and products that have moved through interstate commerce. Defendants cooked, prepared, and stored perishables and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

9. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

2

10. Defendants also advertise / market their restaurant on the internet at http://www.mottocuisine.com/, which domain name they purchased from GoDaddy.com, a foreign corporation.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

13. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and preparing food, produce, spices, oils, rice, poultry, seafood, and beverages that have traveled through interstate commerce while also utilizing ovens, cooking utensils, cooking supplies, knives, equipment, and equipment that also traveled through interstate commerce.

14. Plaintiff worked for Defendants from January 2014 and April 17, 2015.

15. Plaintiff worked approximately 75 to 85 hours per week for Defendants as a non-exempt hourly employee, in particular as a chef, from approximately May 2014 to April 17, 2015.

16. Defendants paid Plaintiff a bi-weekly salary of $1,500 from January 2014 to April 17, 2015, except that Defendants deducted from Plaintiff's pay all days that he did not work.

17. Defendants failed and refused to pay Plaintiff at the rate of time and one-half of his regular rate of pay for all hours worked over 40 hours in a workweek.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME CLAIM

Plaintiff reincorporates and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

20. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of their regular hourly rate for all hours worked over 40 hours in a given workweek.

21. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours they worked during the relevant time period.

22. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

23. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Antulio Arnaldo Alvarado, demands the entry of a judgment in his favor and against Defendants, Alhanan, Inc., d/b/a Motto Japanese Cuisine and Rene Buroz, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 29th day of April, 2015.

        Respectfully Submitted,

        FAIRLAW FIRM
        *Counsel for Plaintiff*
        8603 S. Dixie Highway
        Suite 408
        Miami, FL 33143
        Tel:   305.230.4884
        Fax:   305.230.4844

        *s/Brian H. Pollock, Esq.*
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com

5

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com